UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| SUSAN E. PRAMUK, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO. 3:16-CV-572 |
| TERRY HIESTAND, PATRICK PRAMUK, CHERYL L. MONTALBANO RAHMANY, THE FOOD PANTRY, PORTER COUNTY SUPERIOR COURT, TILTON & TILTON | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On August 26, 2016, Susan E. Pramuk, *pro se,* filed a complaint against various defendants in this Court but failed to pay the filing fee or seek leave to proceed without prepayment of the filing fee. Pramuk has now filed her petition for leave to proceed without prepayment of the fee but, because her Complaint fails to state a claim for relief her petition will be DENIED and her case DISMISSED.

Ordinarily, a plaintiff must pay a statutory filing fee of $400 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). Here, the Petitioner states that she receives $833/month in social security benefits and $873 in spousal support, for a total of $1,711 monthly. In addition she receives, $113.00/month in public assistance to aid her in groceries. Annualized, this income totals $21,888. The poverty guideline for a one person household in Indiana is $11,880 per year. HHS Poverty Guidelines, 81 Fed. Reg. 4036 (Jan. 25, 2016). Because Pramuk's stated income is substantially more than the poverty level, she does not qualify under the *in forma pauperis* statute.

The inquiry does not end there, however. Even if Pramuk did qualify for *in forma pauperis* status, district courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest

that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

The Plaintiff has filed a dozen cases in the past few years, including against these particular Defendants.[1] Here, the Plaintiff is suing six defendants, three of whom appear to be private individuals and some of whom appear to be related to her. Additionally, she has sued Porter County Superior Court, an entity not subject to suit, and well as the Broadway Community Food Pantry, and the law firm of the attorney appointed as her Guardian Ad Litem.

Aside from suing Superior Court, which is not subject to suit and thus, not a proper defendant, there are substantial problems with the remainder of the Complaint. First, the Complaint is vague and confusing, and does not adequately state a claim for relief under federal pleading standards. There are a number of deficiencies. The Plaintiff fails to specify any date for any of the alleged wrongs she suffered; indeed, each allegation is lacking in the specificity necessary to determine whether she has stated a claim. Second, the Plaintiff has not alleged any facts that would provide a jurisdictional basis to be in federal court. The Plaintiff filed her complaint under 42 U.S.C. §1983 but she does not allege, nor does it appear, that any of the

---

1 See *Pramuk v. Montalbano-Phelps, et. al.*, 2:08-CV-103-JVB (filed on Apr. 2, 2008) (dismissed for failure to allege facts which would give rise to federal jurisdiction); *Pramuk v. Pramuk, et. al.*, 2:11-CV-261-RLM (filed July 21, 2011) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to cure deficiencies in complaint); *Pramuk v. Purdue Calumet Univ.*, 2:12-CV-77-RL, 2012 WL 6552920 (N.D. Ind. Dec. 14, 2012) (filed on Feb. 22, 2012) (defendant's motion to dismiss granted); *Pramuk v. Vocation Rehabilitation*, 2:12-CV-78-JVB (filed on Feb. 22, 2012) (dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to respond to a court order); *Pramuk v. Housing Opportunities, et. al.*, 2:12-CV-79-JVB (filed on Feb. 22, 2012) (dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to respond to a court order); *Pramuk v. Wells Fargo Home Mortg.*, 2:12-CV-80-RM (filed on Feb. 22, 2012) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to allege facts that defendant acted under color of state law); *Pramuk v. Wells Fargo Home Mortg.*, 2:12-CV-417-WCL (filed on Oct. 16, 2012) (dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to respond to a court order); *Pramuk v. Unterberg & Assocs. P.C.*, 2:12-CV-418-RL (filed on Oct. 16, 2012) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to allege facts that defendant acted under color of state law); *Pramuk v. Northwestern Med. Imaging*, 2:13-CV-68-RL, 2013 WL 6827816 (N.D. Ind. Dec. 23, 2013) (filed on Feb. 19, 2013) (defendant's motion to dismiss granted); *Pramuk v. Montelbano,* 2:14-CV-00226- TLS-PRC (filed June 30, 2014) (dismissed for failure to cure deficiencies in the Complaint).

defendants acted under color of state law. *See Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001) (observing that "[Section] 1983 applies only to a 'person' who acts under color of state law."). Nor is it clear how these people are alleged to have violated her constitutional rights. The Plaintiff appears to claim that the Defendants have defamed her and/or interfered with her ability to use her home or conduct her business, but she has not provided enough detail about the underlying events that happened, or when they happened, that caused her to file this civil rights case against the Defendants.

Moreover, even if the Complaint was intended to fall under state law, there are no allegations that climb to the level of a state law violation. Rather, the claims made by Pramuk in her complaint, such as the assertion that one of the defendants "said I was in gun problems, not so, I am a private detective" and later in the Complaint that her "qualifications" are "child psychology, medical personal [sic], social science/social work; private detective/private investigator (state), FBI elect, American psychology association, Cambridge, deputy sheriff" appear fantastical and delusional.

The Court is mindful of the Seventh Circuit's concern that when a complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2), if there is no opportunity to amend "an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend," which negatively impacts "fair access to the courts." *Luevano v. Wal-Mart Stores, Inc.*, No. 11-1917, 2013 WL 3599156, at *6 (7th Cir. July 16, 2013). Here, however, there is no reason to believe that the frivolous factual allegations could be remedied through more specific pleading; they are inherently frivolous. Accordingly, the Complaint is dismissed with prejudice and without leave to amend. *See, e.g. Denton*, 504 U.S. at 34 (recognizing that where it appears that frivolous factual allegations could be remedied through

more specific pleadings, a court of appeals should consider whether the district court abused its discretion by dismissing the complaint with prejudice or without leave to amend); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 548 (7th Cir. 1998) (stating that *Denton* recognized that dismissals under materially identical predecessor to § 1915(e)(2)(B) on grounds of frivolousness could be with prejudice); *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (finding that the district court did not abuse its discretion in concluding through a screening of the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) that the plaintiff's fantastic and delusional allegations lacked any arguable basis in fact and that an amendment would be futile).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Plaintiff's Application to Proceed Without Prepayment of Fees [DE 3], and **DISMISSES WITH PREJUDICE** the Complaint [DE 1] as factually frivolous and failing to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B). The Clerk will enter judgment accordingly.

SO ORDERED on December 22, 2016.

    s/ William C. Lee
WILLIAM C. LEE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION